IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MICHAEL WILLIE                                                                                    PLAINTIFF

V.                                                                                         NO. 4:08CV032-P-S

WARDEN OF DELTA CORRECTIONAL FACILITY                                              DEFENDANT

## MEMORANDUM OPINION

Presently before the Court is the Defendant's motion for summary judgment. The Plaintiff has submitted his response in opposition and this matter is ripe for review.

### A. *Factual Background*

This action was originally filed in state court and removed here on March 11, 2008. The Plaintiff states that while being housed at Delta Correctional Facility, he was given a Rule Violation Report ("RVR") on October 26, 2005, for threatening a corrections officer with physical harm. A disciplinary hearing was held. The Plaintiff complains his right to due process was violated at the hearing because he was denied the opportunity to call any witnesses and there was no investigation conducted. After being found guilty of threatening a corrections officer, the Plaintiff was placed in administrative segregation for approximately thirteen days.

### B. *Standard of Review*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the

1

non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

## C. Discussion

A prison disciplinary hearing is not part of criminal prosecution and, therefore, the "full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963. 41 L. Ed. 2d 935 (1974). Due process requires an inmate facing a disciplinary action be provided: (1) a written notice of the disciplinary action charges; (2) a written statement by the fact finder of the evidence and reasons for the disciplinary action; and (3) an opportunity to present evidence and call witnesses in his defense, if not unduly hazardous to institutional safety or correctional goals. *Id.* at 564-66. The Plaintiff complains that he was denied the opportunity to call witnesses at the disciplinary hearing and that the investigation regarding the events which led to the RVR was inadequate or nonexistent.

2

A constitutionally protected liberty interest will be "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). In the absence of extraordinary circumstances, it has been repeatedly held that placement in administrative segregation is an incident to the ordinary life of a prisoner, and will never be a ground for a constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). Being placed in segregation as a result of a disciplinary hearing does not amount to suffering atypical and significant hardship in relation to the ordinary incidents of prison life. *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996).

Since the Plaintiff alleges he was placed in administrative segregation as punishment for a RVR, the *Sandin* test applies. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995); *Wilkerson v. Stadler*, 329 F.3d 431, 436 (5th Cir. 2003). To invoke the protections of the Due Process Clause, the plaintiff must have a protected liberty interest at stake. Liberty interests protected by the Due Process Clause are "generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). The Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner. *Id. (*citing *Sandin*, 515 U.S. at 478-80). The punishment complained of by the Plaintiff as a result of the RVR simply does not implicate a constitutionally protected interest. *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994) (federal courts cannot retry every prison disciplinary case). He, therefore,

cannot maintain or prevail as to his due process claim.

To the extent the Plaintiff complains that the Defendant failed to follow Mississippi Department of Corrections' policy and procedure, his claim also fails. It has been widely held that an inmate has no protected liberty interest in grievance procedures. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Additionally, the Plaintiff's claim cannot withstand summary judgment scrutiny based on the purported failure to conduct an adequate investigation. *Id.* at 374 (relying on a "legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."); *see also Smith v. Beasley*, No. 2:06cv013, 2006 WL 2805205 at *1 (S.D. Miss. Sept. 26, 2006) (dismissing 1983 complaint based on the alleged failure of the department of corrections to conduct an adequate investigation of a rule violation report). Similarly, the right to call witnesses at a disciplinary hearing is not absolute. The disciplinary hearing officer may refuse to allow a witness to testify if that testimony would be irrelevant, unnecessary, or hazardous to institutional safety and correctional goals. *Wolff*, 418 U.S. at 566-70. For all the foregoing reasons, the Plaintiff's due process claim must fail.

*D. Conclusion*

In sum, the Plaintiff has failed to demonstrate the existence of a disputed issue of material fact worthy of a jury's consideration. Consequently, summary judgment shall appropriately be granted in favor of the Defendant as to all claims.

A final judgment in accordance with this opinion shall issue this day.

This the 27th day of April, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE